UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:21-cr-00077 |
| v. ) | |
| ) | Judge Trauger |
| AUSTIN DOUGLAS KIDD ) | |

PLEA AGREEMENT

The United States of America, through Mary Jane Stewart, Acting United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Monica R. Morrison and defendant, Austin Kidd, through defendant's counsel, David Baker, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

Charges in This Case

1. Defendant acknowledges that he has been charged in the information in this case with possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

2. Defendant has read the charge against him contained in the information. That charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

Charge to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information, charging him with possession of child pornography. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Penalties

The parties understand and agree that the offense to which defendant will enter a plea of guilty carries the following maximum penalties: a maximum of 20 years' imprisonment, a maximum lifetime term of supervised release, a maximum $250,000 fine, a $100 special assessment, and an additional $5000 special assessment under the Justice for Victims of Trafficking Act of 2015. However, if defendant is determined to have a qualifying prior conviction as identified in 18 U.S.C. § 2252A(b)(2), then the Defendant will be imprisoned for not less than 10 years and not more than 20 years. Defendant also understands that as a result of his offense, he is subject to forfeiture of property as alleged in the information.

Pursuant to 18 U.S.C. § 3583(k), the authorized term of supervised release is any term of years not less than five, or life, notwithstanding 18 U.S.C. § 3583(b).

## Acknowledgements and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

4. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:21-cr-00077.

5. Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

   a. If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

b.  If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge beyond a reasonable doubt; and that it must consider each count of the information against defendant separately.

c.  If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e.  At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

6.  Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

3

## Factual Basis

7. Defendant will plead guilty because he is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

In March 2020, HSI Nashville received an investigative referral pertaining to the Defendant's internet activity on April 17, 2019. Through open source research, agents identified a Facebook account belonging to the Defendant. Agents were able to determine that the Defendant was accessing his Facebook page from an IP address associated with the physical address of 690 Hickory Point Rd in Clarksville, Tennessee. During the course of the investigation, agents determined that a user of the internet service at that physical address accessed the Tor network from July 13, 2020 through July 30, 2020.

On November 17, 2020, Homeland Security Agents executed a federal search warrant at 690 Hickory Point Rd. in Clarksville, Tennessee. The Defendant was present at the time of the execution of the search warrant. Following the execution of the search warrant, the Defendant was interviewed by Special Agent Tiffany Mayo and Supervisory Special Agent Jim Cole. During this interview, the Defendant admitted he accessed the Dark Web/Tor network and viewed child sexual abuse materials. He stated his material of interest was boys who are approximately eleven (11) years of age. He stated any images he downloaded and/or possessed were located in his MEGA.nz cloud service account.

The Defendant provided consent to search his MEGA.nz account as well as his username and password. Special Agent Mayo accessed the Defendant's MEGA.nz account via the Defendant's Motorola Moto G7 cellular telephone, which had been seized during the execution of

4

the search warrant, and located hundreds of suspected child sexual abuse materials and child erotica.

The Defendant also provided consent to search his apartment located at 830 Peachers Mill Rd, Clarksville, Tennessee. The Defendant stated he resided both at the apartment and at the residence at 690 Hickory Point Rd. At the apartment, agents seized a computer CPU tower, external hard drive, internal hard drive, thumb drive, and two CD-R media storage devices.

On December 30, 2020, following a request by HSI Nashville, MEGA.nz provided all content stored and associated with the MEGA.nz account belonging to the Defendant. Approximately, 260 suspected child sexual abuse materials, which included images and videos, were found stored in the account.

One image located in the Defendant's MEGA.nz account was a 15 second video of a prepubescent male performing fellatio on an adult male. The nude child is sitting on a toilet with his genitals visible. The adult male is standing in front of the child and appears to be filming the video. The child was identified as prepubescent based on the lack of any post-secondary sexual characteristics.

The images located in the Defendant's MEGA.nz account were transported in interstate or foreign commerce by any means, including by computer, and/or the images were produced used materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer. The Defendant knew the images located in his MEGA.nz account constituted child pornography.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and criminal forfeiture. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or

others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

8. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2018.

9. The parties acknowledge that the presentence investigation report will contain a recommended offense level and criminal history calculations under the Guidelines and that the court must perform a guideline calculation as part of the sentencing process. However, because this agreement is a binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the sentence agreed to herein is an appropriate sentence regardless of the guideline calculation.

## Agreements Relating to Sentencing

10. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment of fifty-one months in the custody of the Bureau of Prisons. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of incarceration, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

6

11. Defendant understands and agrees that:

   a. Pursuant to Title 18, United States Code, Section 3583(k), he is subject to supervised release for a minimum of five years up to life.

   b. He will submit to sex offender evaluation and treatment as recommended by an appropriate provider contracted per the guidelines and procedures promulgated by the Administrative Office of the United States Courts.

   c. He will register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school, in compliance with Title 18, United States Code 2250(a).

12. Regarding restitution, the parties acknowledge that the Mandatory Victim Restitution Act, 18 U.S.C. §§ 3663A and 2259, applies and that the Court is required to order the Defendant to make restitution to the victims of Defendant's crime. The Defendant agrees the United States is entitled to seek restitution for each victim associated with Count One of the information who may be identified and requests restitution prior to sentencing.

### Forfeiture of Specific Property

13. The Forfeiture Allegation of the information put the defendant on notice that upon conviction of the information, he shall forfeit to the United States the following property because it was used to in a knowing violation of the offense:

   a. Motorola Moto 7 – IMEI 359528091453115;

   b. Hitachi hard drive serial number YNG3JHMA

(hereinafter referred to collectively as "Subject Property").

14. By entry of a guilty plea to the information, defendant acknowledges that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(2) and (a)(3) as it was

used in a knowing violation of the offense and further agrees that the Subject Property had a substantial connection to the crime of conviction.

15. Prior to sentencing, Defendant relinquishes all claim, title, and interest to the Subject Property and agrees to the entry of a Preliminary Order of Forfeiture forfeiting the Subject Property to the United States and further agrees to the seizure of the Subject Property so that the Subject Property may be disposed of according to law.

16. Defendant agrees to take steps as required by the United States to pass clear title to the forfeitable assets to the United States.

17. Defendant is unaware of any third party who has an ownership interest in, or claim to, the Subject Property and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third party in the event a third party files a claim.

18. Defendant and the United States agree that every effort will be made to credit the value of any item forfeited against both the Order of Forfeiture and any restitution order via the remission and restoration process. However, the parties acknowledge that the ultimate discretion lies with the Money Laundering and Asset Recovery Section of the U.S. Department of Justice regarding whether to grant or deny any request related to the remission or restoration process.

19. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

20. Defendant also agrees to waive any and all constitutional and statutory challenges to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.
8

### Presentence Investigation Report/Post-Sentence Supervision

21. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

22. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

23. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

### Entry of Guilty Plea

24. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

### Waiver of Appellate Rights

25. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence which includes a sentence of fifty-one months' incarceration. Defendant further waives all appellate rights and all collateral attacks concerning forfeiture and all matters related thereto. Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence which includes fifty-one months' incarceration.

### Other Terms

26. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

Defendant further agrees that any monetary penalties imposed by the Court will be subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and submitted to the Treasury Offset Programs so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

27. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

28. Defendant understands that the information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

29. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

30. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

31. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

32.  **Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 7-6-21

AUSTIN DOUGLAS KIDD
Defendant

33.  **Defense Counsel Signature:** I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 7.6.21

DAVID BAKER
Attorney for Defendant

Respectfully submitted,

MARY JANE STEWART
Acting United States Attorney

By: _____
MONICA R. MORRISON
Assistant U.S. Attorney

ROBERT E. McGUIRE
Deputy Criminal Chief

w/ permission

12