IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:21-CR-00077 |
| v. | ) | JUDGE TRAUGER |
| | ) | |
| AUSTIN DOUGLAS KIDD, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF A
PRELIMINARY ORDER OF FORFEITURE

The United States of America has moved for a Consent Preliminary Order of Forfeiture against Defendant Austin Douglas Kidd based on the Court's acceptance of the Defendant's plea of guilty as to Count One of the Information. (D.E. 27: Order Accepting Plea, Page ID # 72; D.E. 18: Information).

On May 12, 2021, the Acting United States Attorney Mary Jane Stewart and Assistant United States Attorney Monica R. Morrison filed a single count Information charging the Defendant with knowingly possessing material that contained an image of child pornography as defined in 18 U.S.C. § 2256(8)(A), involving a prepubescent minor or a minor who had not attained 12 years of age, such image having been produced using materials that had been shipped or transported in and affecting interstate and foreign commerce by any means, including by computer, or that were produced using materials that had been mailed, shipped, or transported in and affecting interstate and foreign commerce by any means, including by computer in violation of 18 U.S.C. § 2252A(a)(5)(B). (D.E. 18: Information).

Upon conviction of the offense alleged in the Information, the Forfeiture Allegation of the Information sought forfeiture pursuant to 18 U.S.C. § 2253(a)(2) and (a)(3), of:

    (1)    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and

    (2)    any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property.

including but not limited to the following:

    1.    Motorola Moto 7 – IMEI 359528091453115; and

    2.    Hitachi hard drive serial number YNG3JHMA

(hereinafter "Subject Property"). (D.E. 18: Information). The aggregate value of the known Subject Property is less than $1,000. (Exhibit 1: CATS Asset Value Information).

On July 6, 2021, the Defendant pled guilty to Count One of the Information, and the Court accepted Defendant's plea. (D.E. 27: Order Accepting Plea, Page ID # 72; D.E. 28: Plea Agreement). Sentencing is currently scheduled for November 19, 2021. (D.E. 29: Order Scheduling Sentencing).

Based upon the evidence set forth at the plea hearing, the United States has established the requisite nexus between the Subject Property and the offense to which the defendant has pleaded guilty. Accordingly, the Subject Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253(a)(2) and (a)(3).

Rules 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure provide in pertinent part that:

2

**(b) Entering a Preliminary Order of Forfeiture.**

  **(1) Forfeiture Phase of the Trial**

   **(A) Forfeiture Determinations**. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

   **(B) Evidence and Hearing.** The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

  **(2) Preliminary Order.**

   **(A) Contents of a Specific Order**. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third-party files a claim in an ancillary proceeding under Rule 32.2(c).

   **(B) Timing.** Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

   . . .

3

> **(3) Seizing Property.** The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.
>
> . . .
>
> **(6) Notice of the Forfeiture Order.**
>
> > **(A) Publishing and Sending Notice.** If the court orders the forfeiture of specific property, the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

Exceptions to the notice by publication requirement of Fed. R. Crim. P. 32.2(b)(6) are set forth at Fed. R. Crim. P. Supplemental Rule G(4)(a)(i). Pursuant to Fed. R. Crim. P. Supplemental Rule G(4)(a)(i), notice need not be published when the "property is worth less than $1,000 and direct notice is sent under Rule G(4)(b) to every person the government can reasonably identify as a potential claimant . . ."

Upon issuance of the Consent Preliminary Order of Forfeiture, in light of the exceptions to notice by publication requirement set forth at Fed. R. Crim. P. Supplemental Rule G(4)(a)(i) and the nominal value of the Subject Property, the United States requests that it not be required to publish notice of the order of forfeiture or of the United States intent to dispose of the Subject Property. Pursuant to 21 U.S.C. § 853(n), the United States, to the extent practicable, will provide direct written notice to any person, other than the defendant, known to have alleged an interest in the Subject Property that is the subject of this Order. Said notice, if given, shall state

4

that any person, other than the Defendant, having or claiming a legal interest in the Subject Property may file a petition with the Court and serve a copy on Debra Teufel Phillips, Assistant United States Attorney, Middle District of Tennessee, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203 within 30 days of receipt of actual notice. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

In accordance with the provisions of 21 U.S.C. § 853 and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to seize the Subject Property whether held by the defendant or a third party.

The United States further requests the court order that either upon entry of a Final Order of Forfeiture or prior to the disposal the Subject Property or upon a determination by the agency that the electronic media, including but not limited to, computers, phones, tablets, etc., are no longer necessary for trial in this matter, the Subject Property shall be wiped clean, if possible, of all information. Further, because the item sought for forfeiture contains child pornography, the United States asks that it be permitted, in its discretion, to destroy the Subject Property without further petition to the court - particularly if the Subject Property cannot be wiped clean.

WHEREFORE, at a time prior to the imposition of sentence and after acceptance of the plea, the United States respectfully requests that this Court enter a Consent Preliminary Order of Forfeiture forfeiting to the United States the Defendant's interest in the Subject Property.

WHEREFORE, the United States further requests that the Court order the United States Attorney General or his designee to seize and maintain custody of the forfeited Subject Property and dispose of it in accordance with the law.

Respectfully submitted,

MARK H. WILDASIN
Acting United States Attorney

By: s/ Monica R. Morrison
MONICA R. MORRISON
Assistant U.S. Attorney
110 Ninth Avenue, South, Suite A-961
Nashville, Tennessee 37203
Telephone: (615) 736-5151
Email: monica.morrison@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November 2021, a copy of the foregoing Memorandum in Support of Motion for Entry of a Preliminary Order of Forfeiture was filed electronically with the Court's Electronic Case Filing System (CM/ECF), and service was made upon David Baker via email to david_baker@fd.org through the Court's Electronic Filing System.

By: s/ Monica R. Morrison
MONICA R. MORRISON