IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:21-CR-00077 |
| v. ) | JUDGE TRAUGER |
| ) | |
| AUSTIN DOUGLAS KIDD, ) | |
| ) | |
| Defendant. ) | |

PRELIMINARY ORDER OF FORFEITURE

Based on the Information, representations and agreements of the United States and Defendant Austin Douglas Kidd at the plea hearing in this matter, and:

WHEREAS, on May 12, 2021, the United States filed a single count Information charging the Defendant with knowingly possessing material that contained an image of child pornography as defined in 18 U.S.C. § 2256(8)(A), involving a prepubescent minor or a minor who had not attained 12 years of age, such image having been produced using materials that had been shipped or transported in and affecting interstate and foreign commerce by any means, including by computer, or that were produced using materials that had been mailed, shipped, or transported in and affecting interstate and foreign commerce by any means, including by computer in violation of 18 U.S.C. § 2252A(a)(5)(B);

WHEREAS, the Forfeiture Allegation of the Information gave notice pursuant to 18 U.S.C. § 2253(a) that upon conviction of knowingly possessing material that contained an image of child pornography as defined in 18 U.S.C. § 2256(8)(A), involving a prepubescent minor or a minor who had not attained 12 years of age, such image having been produced using materials that had been shipped or transported in and affecting interstate and foreign commerce by any

means, including by computer, or that were produced using materials that had been mailed, shipped, or transported in and affecting interstate and foreign commerce by any means, including by computer, as alleged in Count One, the Defendant shall forfeit:

    (1)    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and

    (2)    any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property

including but not limited to the following:

    1.    Motorola Moto 7 – IMEI 359528091453115; and

    2.    Hitachi hard drive serial number YNG3JHMA

(hereinafter "Subject Property");

WHEREAS, on July 6, 2021 the Defendant entered into a Plea Agreement with the United States wherein he pled guilty to Count One of the Information; and

WHEREAS, the Defendant further acknowledges in the Plea Agreement that the Subject Property is subject to forfeiture because the Subject Property was used in a knowing violation of the offense and had a substantial connection to the crime of conviction.

THEREFORE, based upon the Information and Plea Agreement, this Court makes the following findings:

    1.    The Subject Property is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(2) and (a)(3) and that the United States has established, by a preponderance of the evidence, the requisite nexus between such property and such offense; and

    2.    The value of the Subject Property is nominal and valued at under $1,000 in aggregate or individually.

**NOW THEREFORE IT IS HEREBY ORDERED:**

A. The Defendant shall forfeit to the United States their interest in the Subject Property;

B. The Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3);

C. The Attorney General (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2;

C. The United States shall not be required to publish notice of the order of forfeiture or of the United States intent to dispose of the Subject Property in such a manner as the Attorney General (or his designee) may direct in accordance with Fed. R. Crim. P. 32.2 (b)(6)(D) and Fed. R. Civ. P., Supplemental Rule G(4)(a)(i)(A);

D. The United States shall, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property;

E. Any person, other than the Defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture;

F. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought;

G. After the disposition of any third-party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure to resolve factual issues;

H. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the Judgment in a Criminal Matter. If no third-party files a timely claim, and if publication becomes unnecessary, then this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2);

I. Upon entry of a Final Order of Forfeiture granting free and clear interest in the Subject Property to the United States and a determination by the agency that the Subject Property is no longer necessary for trial in this matter, then the Subject Property shall be wiped clean of all information, and the agency may destroy the Subject Property without further Order of the Court; and

J. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge