UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:21-00077 |
| ) | JUDGE TRAUGER |
| v. ) | |
| ) | |
| AUSTIN DOUGLAS KIDD ) | |

DEFENDANT AUSTIN KIDD'S STATEMENT
REGARDING 3553(a) FACTORS

The defendant, Austin Kidd, pursuant to LCrR 32.01(e), respectfully submits that the statutory sentencing factors weigh in favor of the sentence agreed upon by the parties in the plea agreement. In the plea agreement, the parties agreed that the Court should sentence Mr. Kidd to a total term of fifty-one (51) months imprisonment. (Doc. No. 28 at p. 6.) In addition, Mr. Kidd respectfully submits that this Court should impose a term of five years of supervised release, restitution in the amount of $3,000, and waive any fine because Mr. Kidd lacks the ability to pay a fine. Finally, with regard to a recommended condition of supervised release which prohibits him from associating "with children under the age of 18 … unless approved by the U.S. Probation Office," Mr. Kidd respectfully requests that this Court amend that condition to allow him to have supervised visits with his children during his term of supervised release. (Presentence Report (PSR) at p. 18.)

1. **The sentencing factors support a sentence of 51 months**

    a. **Nature and circumstance of the offense**

Agents with Homeland Security Investigation (HSI) began investigating Mr. Kidd in March of 2020 for suspected illegal activity. (PSR at ¶ 5.) On November 17, 2020, agents executed a federal search warrant at Mr. Kidd's parents' residence. (*Id.* at ¶ 6.) Agents interviewed Mr. Kidd and he immediately admitted to viewing child pornography on the internet by accessing it through the Tor network also known as the "dark web." (*Id.*) He cooperated with the agents and provided his user name and password and told them that he stored the images in his MEGA.nz cloud service account. (*Id.* at ¶ 6.) Mr. Kidd also provided consent to search his apartment at a different location in Clarksville and he provided agents with access to his devices. (Id.at ¶ 7.) Agents obtained 217 images and 51 videos of child pornography. (*Id.*) Mr. Kidd was also honest with the agents about sexual activity between he and his younger brother when he was 12 years old, and he also told them that he had never had sexual contact with a child as an adult. (*Id.* at ¶ 6)

Mr. Kidd recognizes that possession of child pornography is a serious offense that the law punishes harshly. He also recognizes that he has mental health issues related to his interest in child pornography, and he is committed to getting help. He wants to attend sex offender treatment. Unlike many child sex offenders, Mr. Kidd recognizes that he has a problem and he is eager to get help to address it. In spite of his issues, Mr. Kidd never wants to hurt any child, including his own children.

Mr. Kidd is very remorseful for his offense. He looks forward to expressing his remorse at the sentencing hearing. A sentence of 51 months with five years of supervised release is sufficient to reflect the seriousness of the offense, provide a just punishment, and afford adequate deterrence, and protect the public as required by 18 U.S.C. § 3553(a)(2).

      b.     **History and characteristics of the defendant**

Mr. Kidd has no prior adult arrests or convictions. (Id. at ¶¶ 30-34.) His lack of a prior criminal record supports a variance in this case to the parties' agreed upon sentence.

Mr. Kidd is a peaceful, kind, and gentle person. He has the love and support of his mother, Amy Vanderford, who now has legal custody of his children. He also has the love and support of his domestic partner, Jessica Reeve. Together, he and Ms. Reeve have three children, Jerry and John, who are twin six-year-olds, and Amelia, who is age 2. (Id. at ¶ 39.) Mr. Kidd loves his family very much and is sincerely interested in rehabilitation so that he can be a good son, father, and spouse.

Mr. Kidd has many good qualities. He is very intelligent and has a good work history. (PSR at ¶¶ 42-49.) He also possesses an adjuster's license. (*Id.* at ¶ 48.)

During his interaction with law enforcement at the time of his arrest and during his presentence interview, Mr. Kidd was honest with authorities about the juvenile court charge he received when he was 12 years old for attempted sexual contact with his younger brother. Mr. Kidd has been open and honest since his

3

arrest and throughout the pendency of this case, concerning his issues with pornography, because he is sincerely committed to dealing with his mental health issues. Mr. Kidd wants to be a good person and live as a law-abiding person. His personal characteristics support the sentence agreed upon by the parties.

    c.    **The need to provide restitution**

Mr. Kidd and the government have agreed that he should be liable for $3,000 restitution as required by 18 U.S.C. § 2259(b)(2). Mr. Kidd respectfully submits that this amount will reflect the defendant's "relative role in the casual process that underlies the victims' losses, but which is no less than $3,000." (Id.) Mr. Kidd's relative role in the causal process is remote. The images of the victim known as "Jerry" were produced by someone else about a decade ago, and Mr. Kidd had no involvement in the production of the images. Indeed, he does not know the victim or the perpetrator. He simply downloaded the images from the dark web and stored them in a cloud account. Cases are pending against the original perpetrators of the images and one defendant has been convicted. (PSR. Appendix A.) Pursuant to the Supreme Court's opinion in *Paroline v. United States,* 572 U.S. 434, 460 (2014), this court should consider a number of factors in determining restitution including whether the defendant reproduced or distributed the images (Mr. Kidd did neither), and whether he had any connection to the initial production of the images. (He did not.) It is likely that these images have been viewed by thousands of other individuals around the world, since they are available on the dark web. Thus, Mr. Kidd's relative role in the causal chain of the victim's damages is relatively minor,

4

Case 3:21-cr-00077 Document 36 Filed 11/16/21 Page 4 of 6 PageID #: 112

and likely much less than the statutory minimum of $3,000. Thus, this Court should impose that amount as agree upon by the parties.

### d. A 51-month term of imprisonment is sufficient

Mr. Kidd respectfully submits that a sentence of 51 months with five years of supervised release is sufficient, but not greater than necessary, to comply with the purposes of sentencing. It is a lengthy and harsh sentence particularly for a first offender. It is sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a)(2). Under the unique facts and circumstances of this case, it will avoid unwarranted sentencing disparities. In addition, this Court should order that Mr. Kidd receive mental health treatment and sex offender treatment during his incarceration and term of supervised release, so that this sentence will "provide the defendant with needed … correctional treatment … medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

### 2. This Court should amend Recommended Special Condition 4

The PSR contains Recommended Special Condition 4, which states "you shall not associate with children under the age of 18 … unless approved by the U.S. Probation Office." Mr. Kidd respectfully requests that this Court order that he be allowed to have supervised visits with his children. Mr. Kidd loves his children very much and they love him. The requirement that his association with his children be supervised by another adult, such as his mother or his partner, Jessica Reeve,

5

would ameliorate any concern that he would engage in any inappropriate behavior with his children. Thus, Mr. Kidd respectfully request that this Court allow him to have visits with his children supervised by another adult once he begins his term of supervised release.

Respectfully submitted,

s/ *R. David Baker*
R. DAVID BAKER
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, Tennessee 37203
615-736-5047
David_baker@fd.org

Attorney for Austin Kidd

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2021, I electronically filed the foregoing *Defendant Austin Kidd's Statement Regarding 3553(a) Factors*, with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Monica Morrison, Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, Tennessee, 37203; Terra Everett, United States Probation Office, 110 Ninth Avenue South, Suite A-725, Nashville, TN 37203.

s/ *R. David Baker*
R. DAVID BAKER