| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO: 3:21-cr-00077-1 |
| v. | ) | |
| | ) | JUDGE TRAUGER |
| | ) | |
| AUSTIN DOUGLAS KIDD | ) | |

## SENTENCING MEMORANDUM ON BEHALF OF THE UNITED STATES

COMES NOW the United States of America, represented by Acting United States Attorney Mark H. Wildasin and Assistant United States Attorney Monica R. Morrison and submits the sentencing memorandum in this matter on behalf of the United States.

The Defendant pled guilty pursuant to a plea agreement. (Doc. No. 28). This agreement was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure wherein the parties have agreed to jointly recommend to the court a sentence of 51 months' incarceration on the sole count of the Information.

## APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)

While a sentencing court must start any sentencing procedure with a calculation of the applicable Guideline range, the court must then consider the argument of the parties and factors set forth in 18 U.S.C. § 3553(a). *See Peugh v. United States*, 569 U.S. 530, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013). The factors that the court is to consider are outlined below with a brief discussion of their applicability or inapplicability to the current offense.

I.     "[T]he nature and circumstances of the offense and the history and characteristics of the defendant."

In March 2020, Agents with the Homeland Security Investigations (HSI) began investigating the Defendant's internet activity related to child sexual abuse materials. (PSR, ¶ 5).

On November 17, 2020, a federal search warrant was executed at the residence of the Defendant's parents. (PSR, ¶ 6). The Defendant consented to a search of the apartment where he and his girlfriend were also residing, which was not the property referenced in the federal search warrant. (PSR, ¶ 7).

During the course of his interview with Agents, the Defendant disclosed prior sexual contact with a younger minor male relative, who was approximately five years old at the time of the conduct. (PSR, ¶ 6). The Defendant was approximately twelve years old when this conduct occurred. (*Id*.). The Defendant denied any sexual contact with a minor as an adult. (*Id*.) The Defendant advised that he was addicted to viewing child sexual abuse materials and his material of interest was of boys who were approximately eleven years old. (*Id*.) He volunteered that he was in the final stages of approval to be a substitute teacher for middle school age children.

The Defendant provided consent to search all of his devices. He provided the usernames and passwords for the accounts he used to access the dark net, he identified the board/forum he used to access child sexual abuse materials, and provided written consent for Agents to take over his accounts. The Defendant confirmed that all of the child sexual abuse materials he downloaded from the dark web would be contained in his MEGA.nz account. (PSR, ¶ 6). He provided the username and password for this account and gave consent for the agents to search his account. (*Id*.)

The Defendant possessed 217 still images and 51 videos of child sexual abuse materials. (PSR, ¶ 10). Several of the images possessed by the Defendant depicted bondage, and the majority of the children depicted in the images were between approximately 10 and 13 years old. (PSR, ¶ 9). At the preliminary and detention hearing, the Defendant's girlfriend testified she caught the

Defendant viewing child sexual abuse materials on at least one occasion and found these types of images on at least one of their devices.

## II.     Considerations regarding the sentence imposed.

Section 2 of 18 U.S.C. § 3553(a) deals with the requirements of any sentence to be imposed and, in turn, lists a variety of sub-factors for a court to consider in fashioning a sentence. Those include the following:

"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2)

Undoubtedly, the Court will note the significant discrepancy between the Guideline Range as calculated by the Pre-sentence Report writer – of 78 to 97 months – and the jointly recommended sentence of 51 months. It is incumbent on the United States to explain the reasoning behind why such a departure makes sense in this case for this Defendant. The United States agreed to a recommendation of 51 months for possession of visual images depicting minors engaged in sexually explicit conduct because of the Defendant's level of cooperation during the investigation and his almost immediate acceptance of responsibility and acknowledgement of guilt both before and after being charged. Immediately following the preliminary and detention hearing in this matter, counsel for the Defendant contacted the United States and indicated his client's desire to plead guilty to an Information.

Although it was not a term of the plea agreement, the parties have agreed to restitution in the amount of $3000 to the minor victim of the "Surfer Hair Series." This is the only identified victim that is seeking restitution in connection with the images possessed by the Defendant. The United States can confirm there is no indication the Defendant was trading these images or any of the images the Defendant possessed. Given that the Defendant did not produce or trade any images, the United States believes that restitution in the amount of $3000.00 is appropriate given his role as it relates to the possession of these images.

Although the parties did not agree to the length of the term of supervised release as part of the plea agreement, the United States would ask the Court to order a ten year term of supervised release as recommended in the Presentence Report. (PSR, p. 17). A lengthier term of supervised release seems appropriate as the parties are recommending the Court sentence the Defendant to a shorter period of incarceration than recommended by the guidelines. The United States believes that a lengthier term of supervised release is necessary given the number of images possessed by the Defendant, the Defendant's acknowledged addiction to viewing such materials, and the Defendant's prior sexual abuse of a minor family member.

The United States would request that the special condition relating to the prohibition from associating with minors under the age of 18 be ordered as recommended in the Presentence Report. (PSR, p. 18). During the course of the investigation, the Defendant submitted and passed a polygraph on the issue of whether or not he engaged in hands on sexual offenses related to his minor children. However, information was provided to Agents indicating the Defendant was observed coming out of his sons' room with an erection and offered an explanation that he had been in the bathroom masturbating before entering his sons' room. Testimony about this concerning behavior was offered at the preliminary and detention hearing. Given that the

Defendant's children are extremely young, and his two sons are nonverbal, the United States is concerned about the Defendant having supervised contact with his children absent additional safeguards to ensure their safety. This condition prohibiting associating with minors under the age of eighteen could be revisited once the Defendant is released from the Bureau of Prisons, engaged in sex offender treatment, and when U.S. Probation is in a position to determine whether additional safeguards are necessary to ensure the Defendant can safely have contact with his children in a manner that ensures the Defendant does not place himself in danger of additional criminal law violations or violations of the terms of his supervised release.

## CONCLUSION

All things considered, when reviewing the Defendant's conduct, his young age, his lack of adult criminal history, his immediate acknowledgement of guilt, and his willingness to pay restitution, a sentence of 51 months' incarceration is sufficient but not greater than necessary to achieve the ends of justice in this case.

Respectfully submitted,

MARK H. WILDASIN
Acting United States Attorney

By: _____*s/ Monica R. Morrison*_____
MONICA R. MORRISON
Assistant United States Attorney
110 9th Avenue South – Suite A-961
Nashville, TN 37203
Telephone: 615-736-5151

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System, on November 17, 2021.

_____*s/ Monica R. Morrison*_____

MONICA R. MORRISON
Assistant United States Attorney