Prob 12C
TNMP (11/2018)

# UNITED STATES DISTRICT COURT
## for
## Middle District of Tennessee

## Petition for Warrant for Offender on Supervision

Name: Austin Douglas Kidd                    Docket Number: 3:21-cr-77

Name of Current Judicial Officer: The Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence:      November 19, 2021

Original Offense:      18 U.S.C. § 2252A(a)(5)(B) Possession of Child Pornography

Original Sentence:      51 months' custody followed by 5 years' supervised release

Type of Supervision: Supervised Release          Date Supervision Commenced: October 30, 2024

Assistant U.S. Attorney: Monica Morrison          Defense Attorney: To be determined

---

### PETITIONING THE COURT

☐ **To Issue a Summons**
☒ **To Issue a Warrant**
☐ **To Consider Additional Violations\Information**

---

The Court Orders:
☐  No Further Action at this Time
☐  The Issuance of a Summons
☒  The Issuance of a Warrant
      ☒  Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐  The Consideration of Additional Violations and/or Information
☐  Other

Considered, this 10th day of Dec, 2024, and made part of the record in the above case.

_____
The Honorable Aleta A. Trauger
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted this 9th day of December 2024.

_Zachary Johnson_

_____
Zachary Johnson
Senior U.S. Probation Officer

Place: Nashville, TN

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.** |

On December 8, 2024, Mr. Kidd traveled from Clarksville, Tennessee, to 106 Meadow Lake, Unit 4, Oak Grove, Kentucky. He failed to request permission to travel outside of the Middle District of Tennessee.

On December 8, 2024, at 6:33 P.M., Mr. Kidd left this officer a voicemail message prior to his travel outside of the district. He indicated he was dropped off at the Kroger grocery store located in Clarksville, Tennessee, by Ms. Reeve, his children's mother, and would remain there for the night.

On December 8, 2024, at 7:17 P.M., the undersigned officer received a phone call from Mr. Kidd's mother, Ms. Amy Vanderford. Ms. Vanderford indicated Mr. Kidd, Ms. Jessica Reeve, and their minor daughter were in the same vehicle together traveling to Ms. Reeve's residence in Oak Grove, Kentucky. Ms. Vanderford averred she would go to that address as she wanted to safeguard her granddaughter's well-being.

On December 8, 2024, this officer contacted the Oak Grove Police Department to report Mr. Kidd was in the presence of a minor without proper supervision and was out of state without permission. Police officers were dispatched to the address, and Mr. Kidd was directed to return to Tennessee.

The probation officer called Mr. Kidd and directed him to remain in Clarksville, Tennessee, for the duration of December 8, 2024, and return to Nashville, Tennessee, by December 9, 2024. He acknowledged understanding.

Mr. Kidd was questioned about his unapproved travel. Mr. Kidd attempted to defend going to Kentucky because of poor weather conditions and needing rain gear to protect himself from the elements. He alluded to it being a quick trip. Mr. Kidd expressed remorse for going out of state and noted his recent relocation to Clarksville, Tennessee, was a mistake.

| | |
|---|---|
| 2. | **You shall not associate with children under the age of 18 not frequent, volunteer, or work at places where children congregate (e.g., playgrounds, parks, malls, day-care centers or schools) unless approved by the United States Probation Office. Defendant may have visitation with his children that is supervised by defendant's parents during defendant's period of supervised release.** |

On December 8, 2024, Mr. Kidd was with his minor daughter and Ms. Jessica Reeve at her residence in Oak Grove, Kentucky. Mr. Kidd's parents were not present to supervise this interaction, as confirmed by Mr. Kidd and his mother.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Austin Kidd commenced his five-year term of supervised release on October 30, 2024. He is scheduled to terminate supervision on October 29, 2029. Mr. Kidd is unemployed and has been undomiciled in the Nashville, Tennessee, area. He has been using resources provided by the Room in the Inn for temporary shelter.

On November 1, 2024, Mr. Kidd was referred for a psychosexual evaluation at Moore Psychology Services. He submitted to the evaluation on November 18, 2024, and was recommended for sex-offender specific treatment and polygraph examinations.

The probation officer provided Project Return as a community resource for employment and Room in the Inn for other necessities. This officer provided Mr. Kidd multiple employers in the Nashville, Tennessee, area for viable employment options. Mr. Kidd remains unemployed and without viable housing.

**Update of Offender Characteristics:**
There is an active child protective services investigation out of the Commonwealth of Kentucky with Ms. Reeve and her twin boys, who are currently in foster care. Mr. Kidd and Ms. Reeve have an older daughter, who is in the custody of Ms. Reeve. There are reportedly concerns about Ms. Reeve's mental health, and Ms. Reeve and Mr. Kidd's sons are autistic and have limited ability to communicate verbally. Mr. Kidd's mother also expressed her concern of her grandchildren's safety when around Mr. Kidd.

**U.S. Probation Officer Recommendation:**
Given Mr. Kidd's alleged violation behavior, unemployment, and lack of stable residency, it is respectfully recommended that a warrant be issued for Mr. Kidd so he may be brought before the Court to answer to the alleged violations of supervised release.

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. AUSTIN DOUGLAS KIDD CASE NO. 3:21-cr-77

| | | |
|---|---|---|
| **GRADE OF VIOLATION:** | C | |
| **CRIMINAL HISTORY:** | I | |

**ORIGINAL OFFENSE DATE:**       **POST APRIL 30, 2003**       **PROTECT ACT PROVISIONS**

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **Custody:** | **2 years (Class C felony)** *18 U.S.C. § 3583(e)(3)* | **3-9 months** *U.S.S.G. § 7B1.4(a)* | **6 months** |
| **Supervised Release:** | **No less than 5 years or life** 18 U.S.C. § 3583(k) | **5 years to life\*** *U.S.S.G § 5D1.2(b)(2)* | **As previously ordered** |

\*Statutory minimum is 5 years

**Statutory Provisions:**
Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:**
U.S.S.G. § 7B1.1(a)(3) Grade C Violations - conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7B1.3(a)(2) Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Approved:

*Abigail Smith*
Abigail Smith
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Austin Douglas Kidd

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:21CR00077 - 1

3. **District/Office** Middle District of Tennessee/Nashville

4. **Original Sentence Date** __11__ / __19__ / __2021__
                 *month*    *day*    *year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|:---:|
| You must not knowingly leave the federal judicial district | C |
| You shall not associate with children under the age of 18 | C |
| | |
| | |
| | |
| | |
| | |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     $\boxed{\text{C}}$

9. **Criminal History Category** *(see §7B1.4(a))*     $\boxed{\text{I}}$

10. **Range of Imprisonment** *(see §7B1.4(a))*     $\boxed{\text{3-9}}$ months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Austin Douglas Kidd

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____    Community Confinement _____

Fine($)        _____    Home Detention        _____

Other          _____    Intermittent Confinement _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: 5_____ to life_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____ imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8902